UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| Y FRIEDMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>L CHOAI,<br><br>          Defendant. | Civil Action No. 22-5315 (MCA)<br><br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Defendant Leah Choai's motion to dismiss Plaintiff's Amended Complaint.  (ECF No. 23.)  For the reasons explained in this Memorandum Opinion, the Court finds that venue is not proper in this district under 28 U.S.C. 1391 and the matter must be dismissed or transferred pursuant to 28 U.S.C. § 1406.  Therefore, the Court clarifies the claims Plaintiff appears to raise in his Amended Complaint as it relates to jurisdiction and venue, terminates the motion to dismiss without prejudice, and sua sponte transfers this matter to the U.S. District Court for the Southern District of New York.

I.     **RELEVANT BACKGROUND**

Plaintiff, Y. Friedman was previously confined at Rikers Island in East Elmhurst, New York. His Amended Complaint purports to seek relief from Defendant Leah Choai, a private individual, for violations of his constitutional rights as set forth in *Turner v. Rogers*, 564 U.S. 561 (2011).  Plaintiff alleges jurisdiction under 28 U.S.C. § 1331, which is the federal question jurisdiction statute.  (*See* ECF No. 22, Am. Compl. ¶ 1.)  Plaintiff further alleges that he "is and

has been a citizen of New Jersey for the past many years" and that Defendant has been a resident of New York for over 50 years. (*See id.* at ¶ 2.) Plaintiff also alleges that he is subject to an enforcement action in the NYS Supreme Court that could result in his further incarceration and that he no longer has counsel in that matter. (*Id.* at ¶ 3.) Plaintiff claims that he is indigent and that Defendant has substantial assets. (*Id.* at ¶¶ 4-5.) Plaintiff alleges that the enforcement action is complex and involves his First Amendment and due process rights, "corrupt and unauthorized arbiters," conflicts of interest, and other "constitutional, statutorial [sic], and procedural violations," which necessitate the appointment of counsel. (*Id.* at ¶ 6.)

Plaintiff alleges that he will require at least $150,000 "to properly fund a defense," to the enforcement action and seeks a judgment requiring Defendant to pay him that amount. (*Id.* at ¶ 7.)

Plaintiff commenced this action on or about August 30, 2022, but he did not file a signed Complaint or an IFP application. (ECF No. 1.) Plaintiff paid the filing fee on November 21, 2022, and filed his Complaint on or about May 1, 2023. (ECF No. 11.)

Defendant subsequently moved to dismiss the Complaint. (ECF No. 15.) The Magistrate Judge granted Plaintiff's request to submit an amended complaint and terminated the motion to dismiss without prejudice. (ECF No. 21.) Plaintiff filed an Amended Complaint on or about December 20, 2023. (ECF No. 22.) Defendant now moves to dismiss the Amended Complaint for failure to state a claim for relief and lack of subject matter jurisdiction. (ECF No. 23.)

Defendant has provided state court records showing that Choai sought a Jewish divorce decree, known as a "Get", and unpaid child and spousal support from Plaintiff. (*See* ECF No. 15-3, Exh. A.) Defendant explains that this action arises from an arbitral hearing held by the Bin Din of America ("BDA"), in connection with the parties' divorce. On October 30, 2014, the BDA

issued an Award against Friedman, requiring him to give a Get to Choai no later than November 21, 2014, and pay her $82,185, in unpaid child support. (*See id.*) The Award also stated that Plaintiff must pay $150.00 per day to Choai so long as they remained married under Jewish law. (*See id.*)

The Supreme Court of New York in New York County confirmed the Award on April 7, 2015, after Plaintiff defaulted. (ECF Nos. 15-4, 15-5, Exhs. B, C.) According to Defendant, Plaintiff did not pay the Judgment or cooperate with requests for subpoenas, and Defendant sought to enforce the Judgment in New York state court. The New York court records provided by Defendant indicate that Plaintiff was twice held in contempt for failing to respond to subpoenas and for nonpayment of child and spousal support. (ECF Nos. 15-6, 15-7, 15-8, Exh. D-F.) After Plaintiff's arrest on or about December 10, 2021, the New York state court ordered Plaintiff to be committed to the New York City department of corrections beginning on December 21, 2021. (*Id.* at Exh. F.) Plaintiff was incarcerated at Riker's Island; he was ordered released on or around October 26, 2022 after undergoing a mental health evaluation by a court-appointed psychiatrist. (*See* ECF No. 15-9, Exh. G.) The release order, however, did not discharge Plaintiff's monetary obligations to Defendant. (*See id.*) Defendant contends that Plaintiff has not paid the Judgment. (*See* Defendant's Brief at 5.)

Like their first motion to dismiss, Defendant's arguments for dismissal largely revolve whether Plaintiff has standing to sue in anticipation of another enforcement action and whether he meets the criteria for diversity jurisdiction. In his Amended Complaint, however, Plaintiff alleges jurisdiction under 28. U.S.C. § 1331, the federal jurisdiction statute. Moreover, in his opposition papers to Defendant's first motion to dismiss, Plaintiff clarifies that he is bringing constitutional claims and that he is not asserting diversity jurisdiction. (*See* ECF No. 16 at 1; ECF No. 18 at 2.)

Although Plaintiff apparently amended his complaint to allege citizenship and meet the damages threshold for diversity jurisdiction in response to Defendant's first motion to dismiss, he does not appear to allege any state law claims that would trigger diversity jurisdiction.

Instead, Plaintiff alleges that he is entitled to relief under the Supreme Court's decision in *Turner v. Rogers*, 564 U.S. 561 (2011. In *Turner*, the Supreme Court considered whether the Due Process Clause requires states to appoint counsel to parents facing incarceration for nonpayment of child support. Turner appealed a South Carolina family court order holding him in contempt of court for failure to pay child support and argued that "the Sixth and Fourteenth Amendments of the United States Constitution guarantee[d] him, as an indigent defendant in family court, the right to appointed counsel before being sentenced to one year imprisonment for civil contempt." *Price v. Turner*, 387 S.C. 142, 143-44 (2010). The Supreme Court of South Carolina disagreed, *see id.*, and the Supreme Court granted certiorari. *See Turner v. Rogers*, 562 U.S. 1002 (2010). The Supreme Court held that "the Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year)." *Id.* at 448. The Court further explained that the Due Process Clause "does not require the provision of counsel where the opposing parent or other custodian (to whom support funds are owed) is not represented by counsel and the State provides alternative procedural safeguards equivalent to those we have mentioned (adequate notice of the importance of ability to pay, fair opportunity to present, and to dispute, relevant information, and court findings)." Applying this standard, the Court found that Turner's

incarceration violated the Due Process Clause because he was not provided sufficient procedural safeguards.[1] *See id.* at 449.

## II.   VENUE IS NOT PROPER IN THIS DISTRICT

Having clarified the nature of the claims that Plaintiff asserts, the Court finds that venue is not proper in this District. Because Plaintiff is seeking relief for purported violations of his constitutional rights, the general venue statute, 28 U.S.C. §1391(b) applies. *See Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 462 (3d Cir. 1996) (applying 28 U.S.C. § 1391 where 42 U.S.C. § 1983 is silent as to venue). "[W]hether venue is wrong or improper ... is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx.*, 571 U.S. 49, 55 (2013) (internal quotation marks omitted). Under that statute, a civil action may be brought in:

>   (1) <u>a judicial district in which any defendant resides</u>, if all defendants are residents of the State in which the district is located;
>
>   (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

---

[1] Unlike the Plaintiff in *Turner*, Friedman did not raise his federal claims by appealing the civil contempt orders to the New York state courts and to the United States Supreme Court. Instead, he has filed his "constitutional claims" directly in federal court. The usual vehicle for federal constitutional claims is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are no allegations in Plaintiff's Amended Complaint to suggest that Defendant, who is a private individual, is a state actor and may be sued for violating Plaintiff's constitutional rights. Moreover, Plaintiff's claims appear to be based on a misreading of *Turner*, as nothing in that decision or the Due Process Clause requires a private citizen such as Choai to pay Plaintiff's past or future legal fees merely because she sought to enforce a civil judgment in state court. The Court leaves these issues to the Transferee Court.

> defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3) (emphasis added). If venue is not proper under one of three enumerated categories, the case must be dismissed or transferred under § 1406(a). *Atl. Marine Const. Co.*, 571 U.S. at 56.

Plaintiff alleges he is a citizen or resident of New Jersey, but it is Defendant's residency that matters for venue. *See* Arthur R. Miller, 14D Fed. Prac. & Proc. Juris. § 3805 (4th ed. 2019) ("[T]he residence of the plaintiff is irrelevant under Section 1391."); *see also Al-Ghena Intern. Corp. v. Radwan*, 957 F.Supp.2d 511, 520 (D.N.J., 2013) (same) (citing Wright & Miller). Alternately, venue is proper where a substantial part of the events or omissions occurred, but there are no facts in the Amended Complaint to suggest that "a substantial part of the events or omissions giving rise to [Plaintiff's] claim occurred" in New Jersey. Indeed, the Amended Complaint alleges that Defendant is a New York resident for over 50 years. The record provided by Defendant also shows that Choai resides in Brooklyn, New York, and the relevant civil contempt orders were entered in the New York County, i.e. New York City. Pursuant to the civil contempt Orders, Plaintiff was incarcerated at Rikers Island. Based on the allegations in the Amended Complaint, the events giving rise to Plaintiff's claim against Choai also occurred in New York and any future enforcement actions would likewise occur in New York. Put simply, Plaintiff's claim to be a "citizen" of New Jersey is an insufficient basis for venue in the District of New Jersey.

Similarly, where jurisdiction is founded only on diversity of citizenship, venue is proper

> only in (1) <u>a judicial district where any defendant resides</u>, if all defendants reside in the same State, (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis supplied). As such, even if Plaintiff claims were founded solely on diversity jurisdiction, rather than federal question jurisdiction or some combination of diversity and federal question jurisdiction, venue is not proper in the District of New Jersey.

Because venue is not proper as to Plaintiff's claims, § 1406(a) mandates that the Court either dismiss the claim, "or if it be in the interest of justice, transfer [that] [claim] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In light of Plaintiff's pro se status, the Court does not believe dismissal based on improper venue would serve the interests of justice and will transfer the matter to the U.S. District Court for the Southern District of New York, where Defendant filed her prior enforcement action and the contempt orders were issued. *See Decker v. Dyson*, 165 F. App'x 951, 954 (3d Cir. 2006) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or sua sponte, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice."); *see also Lafferty v. Gito St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (leaving undisturbed district court's discretionary sua sponte transfer under Section 1406(a)). The Court also terminates the motion to dismiss without prejudice.[2] An appropriate Order follows.

8/22/24

                                           Hon. Madeline Cox Arleo
                                           United States District Judge

---

[2] The Court terminates the motion for docket management purposes only and makes no rulings on the merits of Plaintiff's claims. Once the case is transferred, Defendant is free to seek leave to reactivate the motion to dismiss. The Court notes that venue might also be appropriate in the U.S. District Court for the Eastern District of New York, and the parties are free to raise that issue to the transferee court.